UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JOHNNY CAPERS                                    CIVIL ACTION NO. 12-cv-0352

VERSUS                                           JUDGE FOOTE

WARDEN, LOUISIANA STATE                          MAGISTRATE JUDGE HORNSBY
PENITENTIARY

**REPORT AND RECOMMENDATION**

**Introduction**

Two women who were involved in two motel robberies identified Johnny Lee Capers ("Petitioner") as their co-conspirator and the gunman. A Caddo Parish jury convicted Petitioner of two counts of armed robbery. His conviction was affirmed on direct appeal. State v. Capers, 938 So.2d 1076 (La. App. 2d Cir. 2006), writ denied, 955 So.2d 683 (La. 2007). He was adjudicated an habitual offender and, after a number of appeals and related proceedings, was determined to be a fourth-felony offender and received two terms of life imprisonment without benefit of parole. The habitual offender adjudication and sentences were affirmed. State v. Capers, 998 So.2d 885 (La. App. 2d Cir. 2008), writ denied, 18 So.3d 102 (La. 2009). Petitioner also pursued a post-conviction application in the state courts. State ex rel. Capers v. State, 73 So.3d 372 (La. 2011). He now seeks federal habeas corpus relief based on claims of (1) insufficient evidence, (2) ineffective assistance of counsel, and (3) sentencing error. For the reasons that follow, it is recommended the petition be denied.

**Sufficiency of the Evidence**

    **A. The Evidence**

Michael Kyle testified that he was working at the Plantation Inn motel early one morning when two women came in and talked to him about renting a room. Kyle looked over the shoulder of one of the women and saw a masked man approaching the desk. One of the women saw him and moved to the side. The man aimed a semi-automatic handgun at Kyle and demanded money. Kyle handed over money from the cash drawer, and the gunman ordered him to get on the floor face down. The two women and the man left.

The Comfort Inn in Shreveport was robbed about an hour later. Ramesh Venugopal testified that he was a college student who was filling in for a friend at the motel desk. Two women entered and began negotiating room prices when, suddenly, a man armed with a semi-automatic handgun jumped over the counter and demanded money. Venugopal showed the man where the money was, and the man took the two or three hundred dollars that was there. His face was covered with a dark mask of some kind. As the man left, he told Venugopal that he would kill him "another time."

Both motels had surveillance cameras. Videotapes of the robberies were entered into evidence. Shreveport police Corporal Danny Duddy testified that he used the video to locate places to test for fingerprints. He was told that the suspects were Sandra Alexander, Melissa

Miller, and Petitioner. Duddy found fingerprints that matched the two women. He found a left index fingerprint and a palm print at the Comfort Inn that matched Petitioner.

Miller and Alexander implicated themselves as well as Petitioner and James Williams, who was said to be the getaway driver who was not seen on the video. Miller and Alexander each testified that it was Petitioner's idea to rob the motels and that they entered first to distract the clerk and look for cameras. They said that Petitioner wore a bandana over his face. They described the clothing he wore as similar to the descriptions given by the clerks and as depicted on the video. Both women were cross-examined extensively about their prior inconsistent statements and their motivation to gain favor with the prosecution. The jury returned a verdict of guilty as to Petitioner, but James Williams was found not guilty of both charges.

**B. Standard of Review**

Petitioner argues that the evidence was insufficient to support his convictions. In evaluating the sufficiency of evidence to support a conviction "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 99 S.Ct. 2781, 2789 (1979). "[I]t is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial." Cavazos v. Smith, 132 S.Ct. 2, 4 (2011).

Habeas corpus relief is available with respect to a claim that was adjudicated on the merits in the state court only if the adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d). Thus a state-court decision rejecting a sufficiency challenge is reviewed under a doubly deferential standard. It may not be overturned on federal habeas unless the decision was an objectively unreasonable application of the deferential Jackson standard. Parker v. Matthews,132 S.Ct. 2148, 2152 (2012).

**C. Analysis**

The state appellate court reviewed all of the evidence and applied the Jackson standard. They found that the testimony of the motel clerks, police officer, and co-defendants, together with the video and fingerprint evidence, was sufficient when viewed in a light most favorable to the prosecution to support the armed robbery convictions. State v. Capers, 938 So.2d at 1077-79. That was an entirely reasonable application of the Jackson standard to the record evidence.

Petitioner argues that the case against him was only circumstantial and that a more demanding standard of review found in La. R.S. 15:438 should apply. First, the case against Petitioner was not merely circumstantial. Two witnesses offered direct testimony that Petitioner was the robber, and there was fingerprint evidence placing him inside one of the

motels. Second, only <u>Jackson</u> need be satisfied on habeas review, even if state law would impose a more demanding standard of review. <u>Foy v. Donnelly</u>, 959 F.2d 1307, 1314 n.9 (5th Cir. 1992).

Petitioner also argues that the jury did not find credible the testimony of the two women because they acquitted the getaway driver whom the women also identified as being involved in the crimes. It was not necessary for the jury to credit every aspect of the women's testimony. The jury obviously determined that their testimony was not sufficient, when considered with the other evidence, to prove the guilt of Williams beyond a reasonable doubt. But the case against Williams was much weaker because there was no fingerprint, video, or other evidence beyond the testimony of the two women that would link Williams to the crimes. The jury was free to assess the weight of the cases against the two men and reach different verdicts even if they might not have been perfectly consistent. The Fifth Circuit has held that an inconsistent verdict is not a bar to conviction. <u>US. v. Zuniga-Salinas</u>, 952 F.2d 876 (5th Cir. 1992) (en banc) (conspiracy conviction affirmed even though the single alleged coconspirator was acquitted at the same trial). The verdict in Petitioner's case was fully supported by the record.

**Ineffective Assistance of Counsel**

Petitioner was originally adjudicated a third-felony offender and sentenced to two concurrent life sentences. The habitual offender statute states that an offense shall not be counted as a prior if more than 10 years have elapsed between the date of the commission of

the current crime and the expiration of the maximum sentence of the previous conviction, but any period when the person is in a penal institution is not included in the computation of the 10-year period. Petitioner argued on his first appeal that the State did not show that the prior convictions it used fell within the relevant period because the State did not offer proof of when Petitioner had been discharged from certain prison sentences. The appellate court agreed, vacated the sentence, and remanded.

On remand, the trial court adjudicated Petitioner a second-felony offender and sentenced him to 49 and 1/2 years on each count. Petitioner was not content with that victory so appealed and succeeded in again having his multiple offender adjudication remanded. The State then billed Petitioner as a fourth-felony offender, which it had contended all along would be appropriate, and Petitioner was adjudicated as such and received two terms of life imprisonment without benefit of parole. Those sentences were affirmed on direct appeal.

Petitioner argued in a post-conviction application that his counsel had been ineffective at the final sentencing "for failure to object to an important element of the multi-bill statute" regarding how the date of discharge from a prison may be proved. Petitioner did not, however, provide any facts on which to base such a claim. He did not identify any particular conviction that he believed was inadequately proved to be timely or otherwise explain what might have been accomplished by raising an objection. Tr. 849.

The trial court acknowledged this claim, discussed Petitioner's burden, and held that Petitioner "failed to provide any factual basis or evidence to support his contentions" so he

failed to meet the two-prong test of Strickland v. Washington, 104 S.Ct. 2052 (1984). Tr. 828. The appellate court ruled similarly. It observed that Petitioner claimed that his attorney was ineffective for failing to make an objection, "but the applicant did not set forth facts or evidence demonstrating how this failure was deficient or how it prejudiced his defense." Tr. 857. The Supreme Court of Louisiana denied writs without comment. Tr. 874.

To prevail on a claim of ineffective assistance of counsel, a petitioner must establish both that his counsel's performance fell below an objective standard of reasonableness and that, had counsel performed reasonably, there is a reasonable probability that the result in his case would have been different. Strickland, 104 S.Ct. at 2064. Petitioner's claim was adjudicated and denied on the merits by the state court, so 28 U.S.C. § 2254(d) directs that the question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether the determination was unreasonable, which is a substantially higher threshold. Schriro v. Landrigan, 127 S.Ct. 1933, 1939 (2007).

The Strickland standard is a general standard, so a state court has even more latitude to reasonably determine that a defendant has not satisfied it. The federal court's review is thus "doubly deferential." Knowles v. Mirzayance, 129 S.Ct. 1411, 1420 (2009). Section 2254(d) "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings" and reaches only "extreme malfunctions" in the state criminal justice system. Harrington v. Richter, 131 S.Ct. 770, 786 (2011).

Petitioner has not come close to meeting his heavy burden. The state courts were absolutely correct in noting that Petitioner did not provide any factual basis to support the contention that his counsel should have raised an objection. Petitioner was required to explain the factual basis for the objection and how it might have excluded from consideration a particular prior conviction. He did not do that, so the state court's decision was not an objectively unreasonable application of Strickland to this case.

**Sentencing Issues**

Petitioner's sentencing odyssey ended with him being billed as a fourth-felony offender based on two prior convictions for simple burglary and one conviction for possession with intent to distribute marijuana. That adjudication resulted in a sentence of two terms of life imprisonment without the benefit of parole, both sentences to run concurrently. He argued on direct appeal that the sentences were excessive, but the appellate court denied relief in a reasoned opinion. Tr. 769-71. He later argued in a post-conviction application that an alleged ambiguity in the habitual offender statute, La. R.S. 15:529.1(G), regarding parole eligibility had barred him from seeking federal review of his sentences. His argument was long and confusing but appeared to be that the statute suggested parole was possible but was deceptive because a separate statute, La. R.S. 15:574.4, provides that "[a] person convicted of a third or subsequent felony offense shall not be eligible for parole." Petitioner also suggested that he could not obtain federal review of a sentence that allowed for parole. Tr. 841-49.

The trial court held that the claim was barred because it was not among the grounds enumerated in La. C. Cr. P. art. 930.3 on which post-conviction relief is permissible. Tr. 826-27. The appellate court agreed that claims of excessive sentence or other sentencing errors are not permissible on post-conviction relief. Tr. 856, citing State ex rel Melinie v. State, 665 So.2d 1172 (La. 1996). The court went on to address the merits and found that the multiple offender statute was not vague and that the specific section of the statute directing the sentence to be imposed on a fourth-felony offender prevailed over another general provision of the statute that stated the sentence under it would be without benefit of probation or suspension of sentence (but did not exclude parole). Tr. 856.

To the extent Petitioner argues the state courts improperly interpreted a state statute, that does not provide grounds for federal habeas relief. The federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the federal Constitution or laws. The Supreme Court has "stated many times that federal habeas corpus relief does not lie for errors of state law." Swarthout v. Cooke, 131 S.Ct. 859, 861 (2011). It also appears the state court properly applied the statute. A sentence for armed robbery is to be without benefit of parole. If the sentence is enhanced pursuant to an habitual offender bill, the resulting enhanced sentence is also without benefit of parole, even if the multiple offender statute would not otherwise impose that limitation. State v. Thomas, 962 So.2d 1119, 1125 (La. App. 2d Cir. 2007). Petitioner's sentences were correctly imposed without benefit of parole.

To the extent Petitioner argues and has properly exhausted a federal claim for an excessive sentence, it is without merit. Habeas relief is not available unless the state court decision "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The Court in Lockyer v. Andrade, 123 S.Ct. 1166 (2003) reviewed its decisions and rejected an excessive-sentence habeas attack on two consecutive terms of 25 years to life for a third-strike conviction. The petitioner had a string of burglary, drug, and property-crime convictions, capped by felony petty-theft after he stole approximately $150 worth of videotapes. The sentence did not permit habeas relief because it was not contrary to or an unreasonable application of clearly established gross disproportionality principle set forth in Supreme Court holdings. The Court admitted that its precedents in the area were not clear, which makes it difficult to obtain habeas relief under the deferential Section 2254(d) standard.

Petitioner in this case had two burglary convictions, a drug conviction, and most recently committed two armed robberies where he pointed a pistol in the face of two motel clerks and told one of them that he would kill him later. There is nothing shocking about a life sentence for such a violent recidivist, and there is nothing in the law clearly established by the Supreme Court that would require the sentences be set aside as unconstitutional.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's petition for writ of habeas corpus be denied.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court

to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within fourteen (14) days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

      THUS DONE AND SIGNED in Shreveport, Louisiana, this 19th day of February, 2015.

                                            Mark L. Hornsby
                                            U.S. Magistrate Judge